[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10420
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2005
THOMAS K. KAHN
CLERK

Agency Nos. A95-220-668, A95-220-669

ENRIQUE ALBERTO GINOCCHIO,
MILAGROS DEL PILAR SEMINARIO, et. al,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 6, 2005)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Enrique Alberto Ginocchio, his wife, Milagros del Pilar Seminario, and his children, Francesca Maria Ginocchio and Gonzalo Andres Ginocchio (Petitioners), all natives and citizens of Peru, petition for review of the Board of Immigration Appeals' (BIA's) decision affirming the Immigration Judge's (IJ's) removal order and denial of asylum under the Immigration and Nationality Act (INA).[1] Petitioners assert the BIA erred in denying their claim for asylum because they presented evidence demonstrating they were targeted and persecuted by El Movimiento Revolucionario Tupac Amaru (MRTA), a terrorist group in Peru, on account of Ginocchio's political opinion,[2] which he claimed was opposed to the MRTA. We deny the petition.

## I. DISCUSSION

When the BIA issues a decision, we review only that decision, "except to the extent that it expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d

---

[1] Petitioners abandoned their claims for withholding of removal under the INA and protection under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment by failing to raise any argument on these claims in their petition for review. *See Sepulveda v. U.S. Attorney Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

[2] Petitioners also argue they were persecuted on account of Ginocchio's social status. Social status is not one of the five statutorily protected grounds, however, and therefore cannot form the basis for asylum. *See* 8 U.S.C. § 1101(a)(42)(A); *see also Matter of Acosta*, 19 I&N Dec. 211, 233 (BIA 1985) (noting "membership in a particular social group," refers to "an individual who is a member of a group of persons all of whom share a common, immutable characteristic . . . that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences"), *overruled in part on other grounds by Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987).

1262, 1284 (11th Cir. 2001). "Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* In this case, the BIA issued an opinion and, although it agreed with the IJ's conclusion, it did not expressly adopt the IJ's opinion or its reasoning. Accordingly, our review is limited to the BIA's opinion. *See id.*

"To the extent that the BIA's decision was based on a legal determination, this court's review is *de novo*." *D-Muhumed v. U.S. Attorney Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). The BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Al Najjar*, 257 F.3d at 1283–84 (citation omitted).

An alien who arrives in, or is present in, the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is defined as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

3

8 U.S.C. § 1101(a)(42)(A). "The asylum applicant carries the burden of proving statutory 'refugee' status." *D-Muhumed*, 388 F.3d at 818.

To establish asylum eligibility, the petitioner must, with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b). If the petitioner demonstrates past persecution, there is a rebuttable presumption he has a well-founded fear of future persecution. *See* 8 C.F.R § 208.13(b)(1). If he cannot show past persecution, then the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. *See Al Najjar*, 257 F.3d at 1289. The subjective component can be proved "by the applicant's credible testimony that he or she genuinely fears persecution," while the objective component "can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.* (quotation omitted). Neither the INA nor the regulations define "persecution." We have stated, however, "persecution is an extreme concept, requiring more than few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (quotations omitted).

The petitioner's well-founded fear of persecution must be on account of, or because of, one of the statutorily listed factors, such as his political opinion. *See*

4

*INS v. Elias-Zacarias*, 112 S. Ct. 812, 816 (1992). The petitioner must establish this causal connection by "presenting specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution" on account of the statutory factor. *Sepulveda*, 401 F.3d at 1231 (quotation omitted). To establish a claim of persecution on account of a political opinion, a petitioner must establish the persecutors persecuted him or will seek to persecute him in the future because of his actual or imputed political opinion. It is not enough to show he was or will be persecuted or tortured due to refusal to cooperate with the persecutors. *Sanchez v. U.S. Attorney Gen.*, 392 F.3d 434, 438 (11th Cir. 2004).

Substantial evidence supports the BIA's conclusion Ginocchio failed to demonstrate either past persecution or a well-founded fear of future persecution on account of his political opinion, and thus, Petitioners were not eligible for asylum. The evidence in the record reveals the only alleged acts of past persecution were a number of threatening telephone calls between June 1998 and May 2001, allegedly from the MRTA, and an attempted home invasion in early 2001, which Ginocchio believed was perpetrated by the MRTA. We are not compelled by this evidence to reverse the BIA's finding these actions did not rise to the level of past persecution, as opposed to mere threats or harassment. *See Sepulveda*, 401 F.3d at 1231.

Substantial evidence also supports the BIA's conclusion Ginocchio did not have a well-founded fear of future persecution given Ginocchio (1) had been given

5

police protection and had never been physically harmed by the MRTA; (2) had returned to Peru on a number of occasions, even after the alleged threats had begun; and (3) was no longer privy to the financial information the MRTA was allegedly seeking from him.

Finally, even if Ginocchio had shown he suffered past persecution or had a well-founded fear of future persecution, his claim for asylum would have failed because he did not show a nexus between his alleged persecution and his political opinion. Rather, Ginocchio's claim was that the MRTA threatened him in order to obtain financial information he had because of his occupation. A petitioner's occupation is not one of the statutorily protected grounds to qualify as a refugee. *See* 8 U.S.C. § 1101(a)(42)(A). Moreover, Ginocchio claimed the MRTA would persecute him because of his refusal to cooperate with their demands, which he asserts he did because of his own political opinion which is opposed to the MRTA. As we have explained before, however, Ginocchio's refusal to cooperate with the MRTA is insufficient to demonstrate the MRTA would persecute him in the future because of his actual political opinion. *See Sanchez*, 392 F.3d at 438.

## II. CONCLUSION

Because substantial evidence supports the BIA's conclusions, and because nothing in the record compels us to reverse the BIA's findings Petitioners were not eligible for asylum relief, we deny their petition for review.

PETITION DENIED.